UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| HYPERQUERY LLC,<br><br>        Plaintiff,<br><br>v.<br><br>HP INC.,<br><br>        Defendant. | Case No.  6:23-cv-00006-RLP |

**AGREED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling Order is issued by the Court:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **April 1, 2024**.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before **7 days after a claim construction order has issued**, and each opposing party shall respond, in writing, on or before **21 days after receipt of a settlement offer**. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

3. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before **April 17, 2023**.

4. The parties will exchange initial disclosures by **May 5, 2023**. The parties do not request changes in the form or requirement for disclosures under Rule 26(a)(1)(A).

5. On or before **April 26, 2023**, Plaintiff shall serve its preliminary infringement contentions (including a production of all cited documents), including a disclosure of asserted claims, and containing the following information for each asserted patent: a chart explaining and identifying specifically and in detail where each element (or step) of each asserted claim is found within (or performed by) each accused instrumentality, including literally present and under the doctrine of equivalents (if Plaintiff so contends); the priority date that Plaintiff contends each asserted claim is entitled to, with citations to all evidence supporting that priority date (including a production of all cited documents); complete copies of the file history and all assignments.

6. On or before **August 25, 2023**, Defendant shall serve its preliminary invalidity contentions in the form of claim charts, including a production of all asserted prior art. Defendant shall also include an identification of any limitations that it contends are invalid under 35 U.S.C. § 112.  Defendant shall also produce technical documents within its possession, custody, or control, sufficient to show the operation of the accused products.

7. The following schedule shall apply to claim construction proceedings in this case:

    a. On **May 10, 2023**, the parties shall concurrently exchange a list of claim terms each party believes should be construed by the Court, including identification of any claim element a party contends should be governed by 35 U.S.C. § 112(f), or is indefinite under 35 U.S.C. § 112.

b. On **May 24, 2023**, the parties shall concurrently exchange proposed constructions for all claim terms identified by both parties in the concurrent exchange, including initial citations to any intrinsic evidence offered in support.

c. On **May 31, 2023**, the parties shall disclose extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. With respect to items of extrinsic evidence, the parties shall produce a copy of any such item if not previously produced.

d. On **June 7, 2023**, the parties shall meet and confer to narrow terms in dispute and exchange revised lists of terms and proposed constructions, if any, and to confer on the preparation of the Joint Claim Construction Chart.

e. On **June 14, 2023**, the Plaintiff shall file the Joint Claim Construction Chart, which shall include the final set of proposed terms for constructions, the constructions proposed by both parties, and final citations to the intrinsic and extrinsic evidence relied upon by each party for each proposed construction.

f. On **June 21, 2023**, Plaintiff shall file its Opening Claim Construction Brief, including any declarations of expert witnesses relied upon in support. The page limit for the Opening Claim Construction Brief shall be 20 pages.

g. On **July 7, 2023**, Defendant shall file its Responsive Claim Construction Brief, including any declarations of expert witnesses relied upon in support. The page limit for the Responsive Claim Construction Brief shall be 20 pages.

    h. On **July 19, 2023**, Plaintiff shall file its Reply Claim Construction Brief. The page limit for the Reply Claim Construction Brief shall be 10 pages.

    i. On **July 31, 2023**, Defendant shall file its Sur-Reply Claim Construction Brief. The page limit for the Sur-Reply Claim Construction Brief shall be 10 pages.

    j. Claim Construction Hearing: [**Date Set By The Court**], **2023**.

8. Fact discovery shall open **1 business day after the claim construction order is issued**.

9. The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before **August 25, 2023**.

10. Plaintiff shall serve final infringement contentions on or before **March 11, 2024**. Defendant shall serve final invalidity contentions on or before **April 8, 2024**.

11. The parties shall complete all fact discovery on or before **May 13, 2024**. The parties shall serve any motions to compel discovery on or before **May 20, 2024**.

12. On or before **May 31, 2024**, the parties shall confer on the remaining portions of the schedule, and shall file an additional proposed scheduling order on or before **June 7, 2024**, setting forth the remaining dates.

13. The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference. **The parties shall not complete the following paragraph. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.**

14. This case is set for _____ trial commencing at 9:00 a.m. on _____.

15. By filing an agreed motion, the parties may request that this Court extend any deadline set in this Order, with the exception of the dispositive motions deadline and the trial date. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order.

SIGNED on _____, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE